### Tri-City Ry. Co. v. Ada Banker, Adm'x, etc.

1.  ORDINARY CARE—*Duty of Persons Approaching Railroad Tracks.* —It is the duty of a person approaching a railroad track to use ordinary care for his own safety, and whether it is negligence for him to omit to look and listen is not a question of law, under the circumstances of this case, but is a question of fact for the determination of the jury.

**Trespass on the Case.**—Death from negligence. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed January 24, 1902.

JACKSON & HURST, attorneys for appellant.

SEARLE & MARSHALL, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit by appellee to recover damages for the death of her husband, Julius Banker, which was caused by the collision of a street car of appellant with a wagon in

which he was riding, November 5, 1899. The deceased was a teamster for a brewing company and during the day named had been at the stables of said company with certain parties, among them being Louis Mougin, Albert Huber and a boy about eleven years of age, named James McGee.

About 6:30 P. M., deceased, with the three persons named, drove east on Fifth avenue in said city in a one-horse wagon to a saloon on said street where Huber lived. When they arrived at the saloon, deceased and Mougin went in with Huber to get a drink, leaving McGee in the wagon.

Along this street, in front of the saloon, appellant had double street railroad tracks. The one on the south being used for cars going east, and that on the north by cars going west. The distance from appellant's south rail to the curb-stone was about seventeen feet. When deceased and Mougin came out of the saloon the former untied the horse, which was facing east, and gave Mougin the lines. The parties desired to go west, in which direction they lived, and Mougin therefore turned the horse to the north and west, and in doing so, drove upon the south one of the two railroad tracks. At that moment a motor car with a trailer attached was going east, and a collision occurred, which resulted in the death of Banker.

The several counts of the declaration charged that appellant, by its servants and agents, carelessly and improperly drove and managed the electric motor; that the motor and trailer were running at a high and dangerous rate of speed; that there was a failure to sound the gong so as to warn Banker of the approach of the cars; that there was no headlight on the motor car; that the motor was running at a greater rate of speed than that permitted by the ordinances of the city and that appellant's servants failed to lower the fender on the forward end of the motor car.

There was a plea of the general issue and upon the trial a verdict and judgment for $3,500. It is urged by appellant that it was not shown by the evidence that appellant was guilty of the negligence charged and that it was shown that appellee was not, at the time of the accident, exercising ordinary care for his own safety. The evidence was very

conflicting. There was testimony that the car was running at a rate of speed of from five to fifteen miles per hour, the ordinances of the city limiting the speed to twelve miles per hour. The car was running on a down grade at the place in question and there was evidence tending to show that the motorman did not either sound the gong or attempt to stop the car until just before the collision occurred, when it was too late to prevent the same.

As tending to show the speed of the car it also appears that the car ran from twenty-five to thirty-five feet after the collision, drawing with it the horse and wagon. From all of which we are of opinion that there was evidence to warrant the jury in finding appellant guilty of negligence. Mougin testified that when he came out of the saloon he was facing west and did not see any car coming; that he neither saw nor heard a car when he got into the wagon. As it was down grade there, the current had been shut off and the car was not making much noise. Several other witnesses, including the boy McGee, swear that they did not hear it. On the other hand there was evidence tending to show circumstances which ought to have notified both deceased and Mougin of the approach of the car. It was therefore a very close question whether deceased, or Mougin, who was driving for him, was at the time of the collision in the exercise of ordinary care. But this was a question for the jury and we can not say that upon the whole evidence the jury was not justified in finding as it did.

Appellant complains that the court refused three instructions offered by it. In all of these instructions, however, the jury was told that it was the duty of deceased and Mougin to look and listen to ascertain if a car was approaching, before attempting to cross the track. It was their duty to use ordinary care for their own safety, and whether it was negligence for them to omit to look and listen, was not a question of law under the circumstances but a question of fact for the jury. C. & A. R. R. Co. v. Pearson, 184 Ill. 386.

The instructions named were therefore properly refused by the court. We find no error in the record in this case and the judgment of the court below will be affirmed.